IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ELIZABETH MARIE JOHNSTON,    )
    )
       Plaintiff,    )
    )
vs.    )    Case No. 14-3115-CV-S-ODS
    )
CAROLYN W. COLVIN,    )
Acting Commissioner of Social Security, )
    )
       Defendant.    )

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits under Title II. The Commissioner's decision is affirmed.

I. STANDARD OF REVIEW

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

## II.  BACKGROUND

Plaintiff alleged a disability onset date of August 10, 2011.  Her claimed disability involves a combination of "mild osteoarthritis of the feet and ankles, chronic obstructive pulmonary disease, and obesity."  R. at 15.

The ALJ assessed Plaintiff's credibility by comparing her testimony to (1) her daily activities and (2) the medical evidence.  She also noted Plaintiff's failure to obtain diagnostic testing recommended or ordered by the nurse practitioner.  R. at 18.  The ALJ then discussed the medical evidence in detail.  R. at 19-20.  In the course of these discussions, the ALJ discounted Plaintiff's credibility and explained (1) that Nurse Practitioner Jean Smith was not an "acceptable medical source" under the regulations, (2) why "great weight" was accorded to the opinion of the state-agency consultant, and (3) how the objective medical evidence impacted Plaintiff's residual functional capacity ("RFC").

The ALJ found Plaintiff's RFC permits her to perform light work except she is limited to sitting for six hours a day, standing or walking six hours a day, and lifting/carrying ten pounds frequently and twenty pounds occasionally.  The RFC finding also limited Plaintiff was precluded from climbing ladders, ropes and scaffolds, limited to only occasionally climbing ramps and stairs, stooping, kneeling, crouching, and crawling, and required to avoid exposure to heights, machinery, extreme heat and cold, fumes, odors, and poor ventilation.  Finally, Plaintiff "requires a sit/stand option every half hour, but is able to remain at the workstation while doing so."  R. at 17.  Based on testimony from a vocational expert ("VE"), the ALJ found Plaintiff could not return to her past work as a kitchen helper, sales clerk, or cottage parent.  R. at 20.  However, based on the VE's testimony, the ALJ found Plaintiff could perform work as a mail clerk or a checker.  R. at 21.[1]

---

[1] The ALJ also noted Plaintiff could perform these jobs even if she was "additionally limited to simple, repetitive work," even though the ALJ did not explicitly find Plaintiff's RFC included this limitation.  R. at 22.

## III.  DISCUSSION

Plaintiff does not suggest that any of the ALJ's findings are wrong, or that they are unsupported by substantial evidence in the Record as a whole.  Instead, Plaintiff (1) generally argues some of the findings are not sufficiently explained and (2) contends the RFC findings are insufficient because there is no "narrative discussion" connecting each component of the RFC to a corresponding piece of evidence.

The Court of Appeals has "consistently held that a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case."  Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999); see also Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008); Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987).  So long as the ALJ's opinion establishes that the necessary inquires and considerations were made and the findings were supported by substantial evidence in the Record as a whole, an "arguable deficiency" in the written opinion – assuming one exists – will not serve as reason to reverse the final decision.

Here, Plaintiff has presented nothing the Court can consider.  Plaintiff gently questions some of the ALJ's findings, but does not argue the ALJ's factual determinations were unsupported by substantial evidence.  Even if Plaintiff's interpretation of Social Security Ruling 96-8p is correct (and the Court is not saying that it is), Plaintiff's interpretation only addresses a matter of opinion-writing.  The cases cited above demonstrate such a deficiency, alone, is not enough to justify reversal.  As the Eighth Circuit said in Johnson v. Apfel:

> the decision of the ALJ demonstrates . . . he considered the entire record, including the medical testimony, the vocational expert's opinion, Johnson's testimony and demeanor, and the personal work history of Johnson.  . . . Any arguable deficiency . . . in the ALJ's opinion-writing technique does not require this Court to set aside a finding that is supported by substantial evidence.  We conclude that there is substantial evidence to support the decision of the ALJ.

240 F.3d 1145, 1149 (8th Cir. 2001).

Case 6:14-cv-03115-ODS   Document 25   Filed 03/19/15   Page 3 of 4

<u>IV.  CONCLUSION</u>

The Commissioner's final decision is affirmed.

IT IS SO ORDERED.


                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 19, 2015                    UNITED STATES DISTRICT COURT

4